I apologize judges I was unable to hear you were you speaking with me I was can you hear me now I can thank you judge okay very well you may proceed okay good morning your honors may it please the court my name is Jonathan Edelstein I represent the appellant David Resnick on February 22nd 2013 nine days after an interrupted plea colloquy the government stood before the district judge and moved to withdraw from its plea agreement saying that the defendant had failed to relevant conduct however the government did acknowledge in the same colloquy in the same motion that a defendant is not required to volunteer or affirmatively admit relevant conduct before the if beyond the offense of conviction and was entitled to stand mute that was the perfect opening or would have been the perfect opening for mr. Resnick's counsel he should have said at that point to the district judge that mr. Resnick was not given the chance to stand mute that the reason why he denied what the government contended was relevant conduct was that the government recited that conduct and then the magistrate judge asked him whether or not he agreed with it the magistrate judge put him in a position where he couldn't stand mute where he either had to agree with or deny this conduct so when this got to the district judge nine days later counsel should have made a motion for specific performance on the ground that mr. Resnick was deprived of his right and his ability to stand mute yes the when was the defendant bound by this plea agreement when was the defendant bound by it yes excuse me a second let me just find the date of the plea agreement but the date it was signed certainly didn't make it binding did it he would have been free to change his mind at any point during any of the colloquies with the court correct before the court accepted it yes he would have been free at the time of the colloquy he was not bound was when was the government bound the government was bound when the plea agreement was executed that the how can I let it one one party is bound and the other is not well because the defendant and the government are not in the same position with respect to plea agreements the defendant has certain constitutional rights including the right to withdraw his plea the government was bound by the plea subject to the defendant's exercise or non-exercise of those rights what's your authority for that approach that the government is bound by the written terms before the defendant has made his plea before the court and the court has given that that issue was not briefed by the parties I don't have authority right at hand however if this court would like me to brief that issue I certainly can I would certainly I mean the government has never contended either in the district court or before this court that it was not bound and I think that if there had been a situation where mr. Resnick had violated the plea agreement by withdrawing it by by saying no judge I don't want to plead guilty then you know the the government would have been released it wouldn't have been down however he didn't do anything to violate the plea agreement and the government and our position is that the government was down that it had entered into a contract there certainly wasn't anything in the contract that said that the government was would not be bound until such-and-such a future date and this court like other circuit courts has held the plea agreements must be strictly construed in the defendant's favor and against the government so if the government didn't reserve the right in the plea agreement to not be bound until a future date then it was bound and if mr. Weigel the defendants counsel had made a motion for specific performance this motion would have had merit it would have had to be granted the district court in fact when the district court determined the 2255 motion it didn't even dispute that what the district court said instead was that there was no prejudice because of an intervening plea offer later on that was rejected and our position is that was a first of all that this was not the same offer the original offer was a 20-year cap the second offer was a 20-year C plea so mr. Resnick was prejudiced by the loss of the possibility of a sentence of less than 20 years and I'll remind the court that under the precedent of the Seventh Circuit the standard for prejudice in ineffective assistance cases is better than negligible so really all he would have to show is that there's a better than negligible chance that he would have received the more favorable outcome had this plea gone through but more to the point you haven't made any any argument to that effect with respect to the first plea agreement the agreement was for sentencing enhancements that yielded a guidelines range of life and you haven't made any plausible argument that the judge would have come in under the statutory maximum of 20 years based on those enhancements well there was no not even a better than negligible chance that this sentence would have come in under 20 years or at least you haven't made any argument to that effect so the second plea agreement was the same sentence without having to I would actually admit the relevant or admit the conduct underlying the enhancements because it was a lock-in well I would submit judge that we have made that argument and we've made the argument that the guidelines were advisory and that it always would have been open to the judge to sentence him to less than given that mr. resnick was already doing a 10-year sentence in the Florida case the judge might have decided that less than 20 additional years was enough well with any any prejudice argument realistically is there is there any chance that this would have been anything other than a maximum sentence with these guidelines enhancements admitted your honor I think the pattern of sexual abuse a pattern of interstate transit with child pornography enhancements that created a guideline sentence of life well it was reserved in the plea agreement there any realistic possibility what's what would the well what I was saying judge was that it was reserved in the plea agreement whether any sentence would be concurrent or consecutive it is possible that the judge might have decided to impose a consecutive sentence to make clear that this was for different conduct then the Florida case however it might have decided that 20 years on top of the 10 was too much and maybe another 15 would have been enough based maybe the judge based on what arguments in mitigation of his conduct in this case your client's conduct in this case you have to have a mitigation argument and you haven't advanced one you're just asserting that it was possible that's not an argument let's but moving beyond that judge the fact of the matter is that if this plea if specific performance had been granted this plea would have gone through he would have gotten a sentence of 20 years or possibly less maybe not less but a subsequent offer never would have come into play that this offer is neither here nor there be I mean this is not a situation where a defendant rejected a plea of his own volition and then was subsequently given a better offer this is a situation where the defendant was in the middle of allocuting he would have accepted this plea it would have gone through he would have been 100% bound by it so there never would have been a subsequent offer there never would have been a trial was the court and to accept it oh the court could I mean the court always has the authority to reject the plea agreement however including by on the grounds that the parties didn't didn't actually agree given the confusion here about what was expected to be admitted and the magistrate judge gave gave you all time to consult and see if you could reach a specific agreement on those points right well your honor I would submit that there was no genuine confusion that the plea agreement to the extent that there was any ambiguity in it which we would submit there was not there are rules of construction that that ambiguity has to be judged judge Radovich was obviously very uncomfortable accepting an agreement to enhancements that kicked the guideline range up to life and certainly well over the statutory maximum of 20 years without knowing there was a factual basis for it now he could have accepted without the defendant's admission but was it improper for magistrate judge Radovich to have asked the questions that he did yes your honor I would submit that it was the judge is not entitled not permitted to ask the defendant I did that all the time in every case I would ask the defendant to at least say whether he disagreed with the government's proffer of the facts well in a case such as this where the defendant has explicitly stated on the record that he agrees to the enhancements to that he agrees to them being imposed and where he has where the plea has been limited so that he is pleading guilty only to a certain offense not to the relevant conduct he has a right under the precedence of this court and of other circuits to stand mute in fact even the government acknowledged that when they moved to withdraw the plea so I would submit that yes it was improper to put him in a stand you the court could have in order to relieve its any concerns it may have had about a factual basis the court could have asked the government what evidence do you have to support that there's a factual basis for these enhancements and the government could have said well there was an interview with the police which we would present to the court at the time of sentencing and could have shown that to magistrate judge Radovich and there was therefore there was a way for the magistrate judge to alleviate any concerns he may have had without putting mr. Resnick in an impossible position I notice I've gone I've exceeded my time that other than what I've reserved for rebuttal I have reserved five minutes so if the court has no further questions at this time I'd like to reserve thank you good morning your honors it may please the way I'm here on behalf the United States of America your honors I'd like to kind of pick up where you left off which is if the argument is the magistrate judge Radovich committed some error that's something that could have been raised on direct appeal that's long procedurally defaulted it's long waived the question is whether defense counsel is constitutionally ineffective as it relates to this plea agreement and I think judge Sykes you've hit the prejudice point on that the nail on the head it's not only that there's no reasonable probability there's going to be less than a 20-year sentence in this plea agreement the defendant himself agreed that there was no reason for a below guideline sentence he was going to recommend 20 years because the guidelines are going to be at life and then that's going to come down to 20 years as a result of the statutory maximum so he bound himself to say to the district court a 20-year sentence is appropriate in this case and where the second plea really comes into play the one that he rejects is the question of whether defense counsel's performance is what caused the defendant prejudice the second plea shows that it wasn't defense counsel's performance it was actually the defendants obstinance refusal to accept a finding that he sexually assaulted Tony I mean I can speculate as to why he didn't accept the second plea but the fact is he did it and it wasn't because of what his attorney did it was some factor that's unrelated to his attorney I respectfully disagree that there was no genuine confusion about what was going on at this change of plea colleague we I think judge Hamilton you're kind of getting to a key issue in this case which is there was no meeting of the minds it appears in this plea agreement itself the defendant it looks like believed that he could get this enhancement based on the pattern of sexual abuse enhancement based on possession of child pornography he couldn't and so when he gets up there and he denies the very facts that could underlie that enhancement the only facts that could underlie the enhancement he's breached the agreement where he says I'm gonna recommend this guideline applies but there are no facts that support it perhaps he could have stood mute but that isn't what he did he denied the facts and so now when probation goes back or when judge Moody has to consider it they have an under oath denial by the defendant that he committed this videotaped interviews with Tony but the only benefit to the government in this case with this plea agreement is to keep Tony off the stand that's why we gave him what I think is pretty accurately characterized as a sweetheart deal based on his conduct we were trying to spare this teen or preteen I think at that boy the opportunity responsibility of taking the stand and so when defendant gets up there and says I did not sexually assault him we've lost the benefit of bargaining for us in this case and defense counsel I think recognized that he appropriately dealt with it at the very least his performance as relates to the plea was not so below the Sixth Amendment standard that he's entitled to this plea again your honors unless this court has any questions on the plea negotiations I'll just turn to the actual if I could just ask you miss Whalen when do you think the government was bound your honor I've taken the position and talking to our attorneys that when both parties enter into the agreement we are bound by its terms now I think there's the subsequent question of whether the court let me so let's suppose you sign a plea agreement with somebody and in between between the signatures and the the the change of that shows that convinces you that this is a really bad deal for the people are you prohibited by law from backing out at that point it depends on the new evidence as it relates to the crime yes yeah your honor I don't think we're backing out I think we've entered into an agreement and unless there's some carve-out in the agreement that lets us get out of it you know it could go to denial of acceptance of responsibility or something like that I think we are bound now I think we would present unless it's barred by the terms of the group plea agreement that evidence to the district court and in the case like this your honors point is well taken that the district court could say in light of this new evidence this plea is way too lenient and I'm refusing to let the parties into it because we are dismissing account that's prerogative of the district court as it relates to this case but I mean I don't think we could come in I think the case that we talked about in our brief is a pretty good example if the parties say there is a the defendants entitled to the enhancement he's entitled to reduction for seven percent responsibility and not I can introduce evidence of a gun even if we discovered it after the fact I do think that's problematic behavior on the facts on the behalf of the government you know we've entered into this agreement and we are bound it bound by it I am unaware of any law that says the government's bound but the defense is that you know there are some situations where the government is held but you would agree the defense defendant is free to pull out until the final question from the district judge correct this was done with a magistrate the defense was actually entitled to pull out a little bit before that you know they had 14 days after the magistrate accepted it to withdraw the plea for a fair well 14 days to withdraw for no reason and then after that withdrawal for no reason I changed my mind before the district court accepts it yeah I do think defense is probably entitled to pull out from that yeah but I don't think it ultimately matters in this case because I do think there was a breach as to the terms of the plea agreement and as judge Sykes chief judge excuse me Sykes recognized there is no prejudice as it relates to the trial ineffectiveness your honors I'm not sure there's a whole lot to cover this court talked about the evidence in this case being airtight and very strong in his first opinion nothing has changed between now and then there was a victim who the defendant took on a road trip he had basically no connection with for two weeks sexually assaulted the victim the victim then said he had a gun which was later confirmed by other evidence including the fact that defendant regularly went to the shooting range yeah child pornography on the very and there's another victim who corroborated the fact that the defendant is engaging in sexual abuse I think when we're talking about the Sixth Amendment analysis you have to consider the can the defense attorney was dealt and this defense attorney was dealt a guilty client with extremely strong evidence against him and in light of that I think he performed above the Sixth Amendment standard he tried to keep out evidence of the Florida case the district court just I think correctly applied the law and let it in he did lots he tried to distance himself from some of the arguments say the government was you know trying to convict my client based on implication I think even defense recognizes in their brief that the defendant at times defense attorney at times did an admirable job with what he had unless this court has any particular questions on any of the trial issues or the issues I guess we would otherwise rest on our briefs well and I was just curious yes at several points in decision on the post conviction motion the judge characterized this as a largely circumstantial case I didn't see it that way I thought there was lots of direct evidence including from the victim it's it's a direct evidence case with a great deal of circumstantial corroboration perhaps is a better characterization you've done this for a little bit how would you characterize this case I apologize to say I do believe your characterization there was lots of direct evidences not just of the assaults not just a possession of child porn but as it relates to the gun offenses too I do think when judge Moody talks about it being a circumstantial case he was talking about the circumstances that corroborated Tony and Kyle's statements you know the agent did go through and they followed mr. Resnick's transactions in his long-haul truck across the country the government was able to put on the state trooper who pulled him over in Washington I believe that's what judge Moody found I am inclined to think he probably wouldn't have given the defendant life plus seven if he thought this was just a purely circumstantial case maybe I'm wrong on that fact but I think if you look at a sensing decision that shows the strength that he believes of the evidence of the government's evidence in this case thank you we ask that you affirm the judgment below okay I'll be brief judges first of all this is a claim of ineffective assistance of counsel which under the Massaro case does not have to be raised on direct appeal it's not a direct claim of breach of the plea agreement it's cognizable in the 2255 motion as to the government stating that the benefit of the plea agreement was to keep Tony off the stand we've shown in our reply brief it would not have had to put Tony on the stand it could have used his interview with the police this would not have been contested and that mr. Whelan referred to the case that the relied upon by the government making its point I would imagine he's talking about the grim case the grim case also says that a defendant is not required to volunteer evidence beyond the offensive admissions beyond the offensive conviction so I think the grim case our point now in terms of the trial there is certainly as chief judge Sykes pointed out circumstantial corroboration we've never denied that however the top count is based on Tony's word against mr. Resnick's and I would hesitate to call any count like that airtight or overwhelming it the credibility of the and for the council to as he admitted doing not even consult with a behavioral expert regarding whether the government's behavioral expert might be cross-examined to not say word want you know ask question one in cross-examination to not object to evidence that he knew was objectionable including evidence of a polygraph refusal that directly implicated his right to counsel I would submit that the totality of that weighing the prejudice cumulatively does have a better than negligible chance that it affected the outcome I am out of time therefore I thank the court for entertaining this argument and I will rest on the brief thank you very much our thanks to both the case is taken under advice